

1515 MARKET STREET, #1100
PHILADELPHIA, PENNSYLVANIA 19102
(267)587-6240

MAX S. MORGAN, ESQUIRE
max.morgan@theweitzfirm.com

April 21, 2025

<u>Via CM/ECF</u>
Honorable John Brian R. Martinotti
U.S. District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Courtroom PO 01
Newark, NJ 07101

   Re: Eli Reisman v. Gen Digital Inc., Case No. 2:25-cv-01316-BRM-SDA

Dear Judge Martinotti:

  Plaintiff Eli Reisman, individually, and on behalf of all others similarly situated ("Plaintiff"), respectfully submits this letter in response to Defendant Gen Digital Inc.'s ("Defendant") letter requesting a pre-motion conference relating to Defendant's motion to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and in the alternative, to transfer this case to the U.S. District Court for the District of Arizona pursuant to 28 U.S.C. § 1404. [Dkt. 19].

  In its Letter, Defendant argues that the Court lacks personal jurisdiction over Defendant. Plaintiff disagrees. The Court may exercise specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the benefits of New Jersey's laws and markets when it and its agents devised a marketing campaign and initiated telephone calls to Plaintiff who resides in Edison, New Jersey and who owns a cellular telephone that has a New Jersey area code. Complaint [Dkt. 1] ¶¶ 10, 12.

  Nevertheless, Plaintiff desires to avoid the delay and cost of prematurely litigating this procedural issue, which would likely require jurisdictional discovery and discovery regarding Defendant's relationship with its "affiliate partners" and what actions those unidentified agents and Defendant took to purposefully avail themselves of the laws and markets of New Jersey. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993). Therefore, Plaintiff will agree to Defendant's request to transfer the case to the U.S. District Court for the District of Arizona, where personal jurisdiction and venue is not disputed or challenged by Defendant.

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In addition, 28 U.S.C. § 1631 allows the Court to transfer the case to the District of Arizona without having to determine first whether it has personal jurisdiction. Both parties agree that the District of Arizona is a venue where this case could have been brought. As Defendant states in its letter, Arizona is where Defendant has its principal place of business and where Defendant is subject to general jurisdiction. [*See* Dkt. 19].  Therefore, even if Defendant would prevail on its motion under Rule 12(b)(2), the appropriate result would be to transfer the case to Arizona under § 1631.

Counsel communicated by phone today and intend to submit a proposed joint stipulation, for the Court's consideration, to transfer the case to the District of Arizona.  The parties anticipate submitting their proposed joint stipulation within seven (7) days.

Very respectfully,

**THE WEITZ FIRM, LLC**

MAX S. MORGAN, ESQUIRE

cc:
   counsel of record *via* CM/ECF